IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALLIED SYSTEMS HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 78, 110, 124 & ____ |

## FINAL ORDER AUTHORIZING PAYMENT OF WAGES, PAYROLL TAXES, CERTAIN EMPLOYEE BENEFITS AND RELATED EXPENSES DUE PRIOR TO THE COMMENCEMENT OF THE CHAPTER 11 CASES, AND OTHER COMPENSATION TO EMPLOYEES, OWNER-OPERATORS AND INDEPENDENT CONTRACTORS

This matter is before the Court on the motion (the "**Motion**") of Allied Systems Holdings, Inc. and its U.S. and Canadian subsidiaries (collectively, the "**Debtors**") seeking authority to pay wages, compensation, payroll taxes, certain employee benefits and related expenses which were earned before the commencement of these Chapter 11 Cases[2] by Employees, owner-operators and independent contractors.

The Court has considered the Motion, the Declaration of Scott D. Macaulay in Support of Chapter 11 Petitions and First Day Motions, and the matters reflected in the record of the hearing held on the Motion. It appears that the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that the Debtors have provided appropriate notice of the Motion and the opportunity for a hearing on

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (875688228); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

RLF1 6214028v. 1

the Motion under the circumstances and that no further notice is necessary; and that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED** as set forth herein on a final basis.

2. The Debtors are authorized, but not directed, to pay the Employee Obligations (as defined in the Motion) that were earned by virtue of the services rendered or equipment furnished by their employees or owner-operators before the commencement of these Chapter 11 Cases.

3. The Employee Obligations that the Debtors are authorized, but not directed, to pay include, without limitation: (i) wages, salaries, compensation and lease payments; (ii) payroll taxes; (iii) vacation, sick and holiday pay; (iv) qualified 401(k) plan obligations; (v) health and welfare benefits; (vi) severance amounts; (vii) flexible spending account programs; (viii) qualified pension plans; (ix) life insurance plans; (x) miscellaneous payroll deductions; and (xi) other benefits, in an aggregate amount not to exceed $15,500,000 (inclusive of the $10,500,000 cap authorized by the Interim Order).

4. The Debtors are authorized, but not directed, to continue to honor, pay and maintain, in their sole discretion, all of their employee benefit plans to the extent such benefit plans were in effect as of the commencement of these Chapter 11 Cases.

5. The banks and other financial institutions that process, honor and pay any and all checks on account of Employee Obligations may rely on the representation of the Debtors as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

- 2 -
RLF1 6214028v. 1

6. Neither this Order, nor the Debtors' payment of any amounts authorized by this Order, shall (i) result in any assumption of any executory contract by the Debtors; (ii) result in a commitment to continue any plan, program, or policy of the Debtors; (iii) be deemed an admission as to the validity of the underlying obligations or a waiver of any rights the Debtors may have to subsequently dispute such obligations; or (iv) impose any administrative, pre-petition, or post-petition liabilities upon the Debtors.

7. Except with respect to Employee Obligations due Union Employees and compensation due owner-operators under Union Agreements, no payment by the Debtors to any individual employee for Employee Obligations earned before the commencement of these Chapter 11 cases shall exceed $11,725.

8. The Debtors are authorized to make all payments permitted hereunder whether due before or after the commencement of these Chapter 11 Cases.

9. Notwithstanding any other provision of this Order, no payments which implicate 11 U.S.C. § 503(c) shall be made by the Debtors, except upon further order of this Court.

10. Nothing herein shall be deemed to alter, modify or waive the Debtors' obligations under applicable Canadian law.

11. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Local Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

RLF1 6214028v. 1

13. This Court shall retain jurisdiction to interpret and enforce this Order.

Dated: July 10, 2012
    Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 6214028v. 1